UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TALIA H.,[1]                                                    Case No. 3:19-cv-01815-MK

                        Plaintiff,                             **OPINION**
                                                              **AND ORDER**
            v.

COMMISSIONER, Social Security
Administration,

                        Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

      Plaintiff Talia H. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for supplemental

security income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction to

review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented

to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with

Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons that

follow, the Commissioner's final decision is REVERSED and this case is REMANDED for

further proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on May 9, 2016, with an amended alleged onset date of May 9, 2016. *See* Tr. 15, 156–65.[2] Plaintiff's application was initially denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") that was held on July 30, 2018. *See also* Tr. 95–109; 44–70. On October 9, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 22. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 45 years old on her alleged onset date. Tr. 22. She completed both her primary and secondary education and possesses an associate degree. Tr. 50–51. She has past relevant work as a secretary and fast-food crew member. *Id.* Plaintiff alleges disability based on asthma and progressive rheumatoid asthma. Tr. 71–80.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

---

[2] "Tr." citations are to the Administrative Record, ECF No. 12.

ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations [their] impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, [they are] not disabled; if [they] cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her amended alleged onset date. Tr. 17. At step two, the ALJ found Plaintiff had the following severe impairments: inflammatory arthritis and asthma. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. *Id.* The ALJ found Plaintiff had the RFC to perform sedentary work, with the following limitations:

> She can occasionally finger with her right upper extremity. She should avoid any exposure to pulmonary irritants such as fumes, odors, dust, and gases.

Tr. 18.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. *Id*. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 23.

## DISCUSSION

Plaintiff assigns error to four portions of the ALJ's decision. First, she argues the ALJ erroneously rejected her subjective symptom testimony. Second, Plaintiff contends the ALJ improperly weighed the medical opinion evidence. Third, she asserts the ALJ erroneously found her impairments did not satisfy a Listing at step three. Fourth, and finally, she challenges the ALJ's step five finding.

## I.    Subjective Symptom Testimony

Plaintiff argues the ALJ improperly rejected her subjective symptom testimony. Pl. Opening Br. at 14–17, ECF No. 13 ("Pl.'s Br."). When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence

suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16–3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16–3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The Commissioner asserts the ALJ supplied two permissible rationales for rejecting Plaintiff's subjective complaints: (A) Plaintiff's daily activities were inconsistent with her allegations; and (B) Plaintiff's symptoms did not prevent her from working.

### A.    Daily Activities

The Commissioner contends that the ALJ properly rejected Plaintiff's testimony based upon her activities of daily living. *See* Def.'s Br. 6–8, ECF No. 13. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) where the

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

activities "contradict [a claimant's] testimony"; or (2) as evidence a claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The ALJ cited Plaintiff's ability to perform self-care, shop for groceries, and drive for work and concluded that Plaintiff's testimony was "inconsistent with the disabling levels of pain symptoms alleged by the claimant." Tr. 20. The ALJ also cited testimony from Plaintiff's former housemate who described Plaintiff's ability to handle household chores such as preparing meals, doing laundry, taking out garbage, and handling finances. *Id*. The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). In *Vertigan*, the court found that the claimant's ability to "go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television, and read" was neither substantial nor "necessarily transferable to the work setting with regard to [claimant's spinal] pain." *Id.* at 1049–1050. Here, the Commissioner asserts that accomplishing household tasks and driving a car is inconsistent with her pain and fatigue. Tr. 36. However, neither driving a car nor handling

household chores are transferrable to Plaintiff's work duties or pain in relation to standing and interacting with customers in a fast food drive-through. *Id.* at 13–14.

Furthermore, Plaintiff testified, and Plaintiff's former housemate confirmed, she no longer pursued hobbies and was unable to socialize due to the fatigue. *Id.* at 58–61; *Id.* at 198. Plaintiff's routine of performing household chores and similar levels of activities do not detract from her credibility as to her disability.

Moreover, the ALJ's discussion of Plaintiff's daily activities failed to adequately explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also Dodrill*, 12 F.3d at 918. As this Court has recently observed, an "ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *Jessica E. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00224-MK, 2020 WL 2083963, at *6 (D. Or. Apr. 30, 2020) (citation omitted); *see also Jeremy Q. v. Comm'r, Soc. Sec. Admin.*, No. 6:19-cv-00383-MK, 2020 WL 2922180, at *6 (D. Or. June 3, 2020) (citation omitted). In other words, other than generally summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined her subjective symptom testimony. Therefore, this is not a clear and convincing reason to reject Plaintiff's testimony.

### B.    Past Work

The Commissioner further contends that the ALJ properly rejected Plaintiff's testimony because she was able to work part-time despite her alleged disability. *See* Def.'s Br. at 4, ECF No. 14 (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219 (9th Cir. 2009)). The court in *Bray* upheld an ALJ's rejection of a claimant's subjective symptom testimony where the ALJ expressly weighed inconsistencies between the "[claimant's] testimony and his or her conduct,

daily activities, and work record." 554 F.3d at 1227. The ALJ in *Bray* used these "independent bases for discounting [claimant's] testimony, and each [found] ample support in the record." *Id.* When examining the claimant's work history, the ALJ in *Bray* noted the claimant's part-time work as a "caregiver" for an ill friend, as well as "seeking out other employment" after the caregiver work concluded. *Id.* at 1221–27. *Bray,* however, is distinguishable from this case in two important ways.

First, unlike the ALJ in *Bray*, the ALJ here explained that it was Plaintiff's general work history that "[undermined] her assertion of total disability." Tr. 20. The ALJ relied exclusively on Plaintiff's work history and provided neither specific findings nor legal support for other independent bases —such as her conduct or daily activities. *Id.* The Court finds that this exclusive reliance on Plaintiff's work history is insufficient to discount Plaintiff's testimony.

Second, unlike the claimant in *Bray*, Plaintiff struggles with her current employment and was ultimately unable to maintain her prior employment, despite it being "sedentary". *See* Tr. 53 (explaining to ALJ that she would be unable to accept full-time work if offered because "physically [she] cannot do the work."); Tr. 54 (explaining to ALJ that [Plaintiff] had to stop working as a secretary for Charter College because "[she] can't type anymore."). In *Bray*, there was no indication the claimant struggled with her prior employment. *Bray,* 554 F.3d at 1219–1236. Significantly, the claimant actively sought out employment after concluding her last job. *Id.* at 1227. Here, Plaintiff's testimony is clear that she would not be able to seek out sedentary employment, the type of work recommended by ALJ. Tr. 53; Tr. 18.

In other words, *Bray* differs from this case because the claimant was able to continue part-time work and the court found that the ALJ made specific findings with legal support on multiple grounds. *Bray,* 544 F.3d at 1227 (concluding that the ALJ's presentation of four

independent bases allowed for discounting [claimant's] testimony) (internal quotation omitted). Here, by contrast, Plaintiff has testified consistently to her struggle to maintain employment and the Court finds the ALJ's reliance on Plaintiff's work history insufficient to discount Plaintiff's testimony.

## II.    Medical Evidence

Plaintiff contends the ALJ improperly weighed the medical opinion evidence. Pl. Br. 8–13, ECF No. 13. The ALJ is responsible for resolving conflicts in the medical record, including conflicting doctors' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527, 416.927.[4] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another doctor can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a doctor's opinion is contradicted, however, the ALJ must provide "specific, legitimate reasons" for discrediting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quotation omitted).

---

[4] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

A.      Tatsuro Ogisu, M.D.

Dr. Ogisu administered a comprehensive musculoskeletal examination of Plaintiff in November 2016. Tr. 298–302. Dr. Ogisu confirmed Plaintiff's history of rheumatoid arthritis and its symptoms at the right elbow, right hand (where Plaintiff lost significant manual dexterity), and right knee. *Id*. Dr. Ogisu opined Plaintiff could lift up to ten pounds occasionally and five pounds frequently, walk up to at least three hours, stand up to six hours, and sit six hours. *Id*.

The Commissioner argues the ALJ properly rejected the opinion because the ALJ noted one inconsistency between Dr. Ogisu's opinion and Plaintiff's overall treatment records. Specifically, the ALJ referred only to Dr. Ogisu imposing "handling and reaching limitations on the left side even though there was little indication of rheumatoid activity in the upper left extremity other than mild strength deficits." Tr. 21 (citing Ex.4F/4). The Commissioner contends that Dr. Ogisu's examination report in which Plaintiff had "only diminished strength in left arm and hand" is inconsistent with other records that showed that "[Plaintiff] had 'mildly active' inflammatory joint symptoms." Def's Br. 11. An inconsistency within a doctor's opinion can constitute a specific and legitimate reason to reject it. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (explaining that internal contradiction is a specific and legitimate reason for rejecting a treating physician's opinion). While the ALJ is correct in noting medical records that demonstrate mild limitations in the upper left extremity, those medical records are not inconsistent with Dr. Ogisu's recommendation for frequent handling and reaching on Plaintiff's left. Tr. 301. Here, the ALJ proffers an inconsistency in Dr. Ogisu's report that is materially irrelevant.

Moreover, Plaintiff's own testimony is consistent with Dr. Ogisu's testing and reports. Tr. 62; *see also* Tr. 301. Plaintiff testified that while arthritis has affected both hands, it is her "right hand [that] is a lot worse than [her] left." *Id.* at 62.

The ALJ has not articulated specific and legitimate reasons as to why more weight was not accorded to Dr. Ogisu's opinion. Because the ALJ did not provide sufficient reasons to reject relevant medical opinions provided by Dr. Ogisu, the ALJ's findings cannot be said to be supported by substantial evidence. Remand is the appropriate remedy.

**III.    Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

For the reasons described above, the Court concludes the ALJ committed legal error in failing to provide legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony. Although Plaintiff argues the court should remand this matter for immediate payment of benefits, the Court finds that remanding for further proceedings would serve a useful purpose. Significantly, the Court notes Dr. Ogisu listed in Plaintiff's functional limitations that Plaintiff "does not drive." Tr. 299. However, Plaintiff specifically speaks to her ability to drive multiple times in her testimony. Tr. 58–62. Relevant testimony issues must be resolved before an award of benefits is appropriate. Furthermore, the Court notes the absence of discussion

regarding Plaintiff's prior medical treatment in Alaska. *See generally* Def.'s Br. As discussed earlier, the Court finds the ALJ failed to supply sufficient reasons for rejecting Dr. Ogisu's medical opinion. Accordingly, the Court remands this case for further proceedings and orders the ALJ to: (1) obtain a consultative examination assessing Plaintiff's functional limitations as they relate to her upper extremities; (2) conduct a *de novo* review of the medical opinion evidence in light of the consultative examiner's opinion; and (3) conduct any further necessary proceedings. *See Diedrich v. Berryhill,* 874 F.3d 634, 638 (9th Cir. 2017) ("The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it.").

## CONCLUSION

For these reasons, the Commissioner's decision denying Plaintiff's application for SSI is REVERSED and this case is REMANDED for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

DATED this 6th day of January 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge